UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

| | | |
|---|---|---|
| Case No. | **CV 16-4317-JFW (MRWx)** | Date: August 9, 2016 |
| Title: | Linda Adams -v- FCA US LLC, et al. | |

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**   ORDER DENYING PLAINTIFF'S MOTION FOR REMAND TO SUPERIOR COURT OF CALIFORNIA AND AWARD OF COSTS AND EXPENSES RESULTING FROM REMOVAL [filed 7/15/16; Docket No. 9]

On July 15, 2016, Plaintiff Linda Adams ("Plaintiff") filed a Motion for Remand to Superior Court of California and Award of Costs and Expenses Resulting from Removal ("Motion"). On July 25, 2016, Defendant FCA US LLC ("FCA") filed its Opposition. On August 2, 2016, Plaintiff filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for August 15, 2016 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

In the Declaration of Alastair Hamblin in Support of Motion for Remand to Superior Court of California, Mr. Hamblin states:

> I met and conferred with Scott Shepardson, counsel for Defendant FCA, regarding this motion to remand on July 8, 2016. The meet and confer process consisted of a phone call, wherein Mr. Shepardson and I discussed the Plaintiff's request to stipulate to remand the case to state court and the grounds for this motion. Plaintiff and Defendant could not come to an agreement regarding a stipulation and Defendant did not agree with Plaintiff's assessment that the Notice of Removal was deficient due to its failure to establish subject matter jurisdiction via a theory of diversity jurisdiction. The parties met and impasse and all efforts to resolve this matter informally have been exhausted.

Local Rule 7-3 requires that "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the

contemplated motion and any potential resolution." Local Rule 7-3. Generally, this conference of counsel "shall take place at least seven (7) days prior to the filing of the motion." *Id.* "If the parties are unable to reach a resolution which eliminates the necessity for a hearing, counsel for the moving party shall include in the notice of motion a statement to the following effect: 'This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date).'" *Id.* In addition, the Court's Standing Order further provides:

> Counsel should discuss the issues with sufficient detail so that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court. . . . All 7-3 conferences shall take place via a communication method that, at a minimum, allows all parties to be in realtime communication (letters and e-mail, for example, do not constitute a proper 7-3 conference). . . . Within three days of the conference, counsel shall file a joint statement indicating the date, duration, and communication method of the conference and the participants in the conference. In addition, the joint statement shall detail the issues discussed and resolved during the conference and the issues remaining.

Standing Order [Docket No. 6] at ¶ 5(b).

Plaintiff failed to file the Joint Statement required by ¶ 5(b) of the Court's Standing Order. This Court maintains a firm policy of reducing unnecessary motion practice and requires strict compliance with Local Rule 7-3 and ¶ 5(b) of the Court's Standing Order. Accordingly, Plaintiff's Motion is hereby **DENIED without prejudice** for failure to comply with ¶ 5(b) of the Court's Standing Order.

If Plaintiff wishes to re-file the Motion, counsel shall personally meet and confer on or before **August 15, 2016**. If the parties cannot resolve the issues raised in the Motion, within three days of the meet and confer, each party shall file a declaration setting forth the issues resolved at the conference and those issues that were not resolved with a detailed explanation of why those issues could not be resolved. If a Motion remains necessary, it shall not be filed until two days after each party files the declaration required by this Order.

IT IS SO ORDERED.